UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

KAREN T. CHILSON,							No. 14-12946 ta7

    Debtor.

## MEMORANDUM OPINION

Before the Court is whether the Bankruptcy Code and Rules permit the Debtor to add her husband as a joint debtor more than three months after she filed her individual bankruptcy petition. The Court concludes that the answer is no; Debtor's husband must file his own case if he needs bankruptcy relief.

## I. FACTS

The Court finds the following facts:[1]

Debtor filed this individual Chapter 7 case on October 1, 2014. Her initial papers included a voluntary petition, all required bankruptcy schedules, a Statement of Financial Affairs, and a Statement Disclosing Non-Filing Spouse.

A case trustee was appointed (Linda Bloom) and a § 341[2] meeting was scheduled for November 3, 2014.

---

[1] In making these findings, the Court took judicial notice of the docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir.1979) (holding that a court may, sua sponte, take judicial notice of its docket); *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 (1st Cir.1999) (citing Fed. R. Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket"); *In re Quade*, 496 B.R. 520, 524 (Bankr.N.D.Ill.2013), *affirmed*, 498 B.R. 852 (N.D. Ill. 2013) (a "bankruptcy court [is authorized] ... to take judicial notice of its own docket").

[2] Unless otherwise indicated, all statutory references are to 11 U.S.C.

Ms. Bloom held the § 341 meeting as scheduled. The Debtor appeared with her counsel and answered questions. Later that day Ms. Bloom filed a Chapter 7 Trustee's Report of No Distribution.

Debtor completed her personal financial management course on November 6, 2014.

The deadline to object to Debtor's exemptions expired December 3, 2014. The deadline to object to Debtor's discharge, or to the dischargeability of certain debts, expired January 2, 2015.

On January 8, 2015, Debtor filed an Amended Voluntary Petition, purporting to add her husband Clifford N. Chilson as a joint debtor.[3]

According to Debtor's counsel, the amended petition was prompted by a lawsuit against Mr. Chilson brought by an Alabama creditor, Redstone Federal Credit Union. Debtor's counsel is concerned that the community discharge may not protect Mr. Chilson or the couple's community property, since they had lived in Alabama when the debt was incurred and Alabama is not a community property state.

II. DISCUSSION

A. Relevant Bankruptcy Code and Rules Provisions.

Section 302 provides:

(a) A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse. The commencement of a joint case under a chapter of this title constitutes an order for relief under such chapter.

(b) After the commencement of a joint case, the court shall determine the extent, if any, to which the debtors' estates shall be consolidated.

---

[3] Debtor signed the amended petition as attorney in fact for her husband, who is suffering from dementia. The Court does not question whether the Debtor has the power to proceed on her husband's behalf.

Fed. R. Bankr. P. 1009(a) provides:

(a) General Right to Amend. A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court.

1. <u>Construing § 302(a)</u>. Section 302(a) seems to require that both spouses sign a single petition at the beginning of the case: "A joint case . . . is commenced by the filing . . . of a single petition . . . by an individual . . . and such individual's spouse." § 302(a). While the language could be interpreted to allow a later, amended petition signed by both spouses, which theoretically would then "commence" the "joint case" (as opposed to the single case before the amendment), such a reading seems artificial and strained. Use of the terms "joint," "commenced," and "single petition" together in the sentence strongly imply the intention to require that a single petition, signed by both debtors, be filed at the beginning of the case, resulting in one petition date and one order for relief.

2. <u>Construing Fed. R. Bankr. P. 1009(a)</u>. On its face, Fed. R. Bankr. P. 1009(a) allows a debtor to amend her petition to add a non-filing spouse: "A voluntary petition . . . may be amended by the debtor as a matter of course at any time . . . ." This apparently open-ended language is not without limits, however. For example, courts agree that Rule 1009(a) cannot be read to allow a change in the identity of the debtor. *See, e.g., In re Lary,* 2009 WL 6498526 (Bankr. N.D. Ga. 2009) (Rule 1009 does not permit a bankruptcy petition to be amended to change the identity of a debtor); *In re Clinton*, 166 B.R. 195, 200 (Bankr. N.D. Ga. 1994) (same). Furthermore, it is axiomatic that in the event of a conflict between the Code and the Rules, the Code wins. *In re Calder,* 973 F.2d 862, 867 (10th Cir. 1992) ("We agree with

Calder's statement that the Bankruptcy Rules cannot override the absolute statutory right to convert pursuant to § 706(a)"); *In re Crawford,* 135 B.R. 128, 133 (D. Kan. 1991) (citing *United States v. Cardinal Mine Supply, Inc*., 916 F.2d 1087 (6th Cir. 1990), the district court held that the bankruptcy rules could not contradict § 726 of the Bankruptcy Code). To the extent Rule 1009(a) could be interpreted to allow Debtor to add Mr. Chilson to this case, such an interpretation is impermissible if it conflicts with § 302(a).

      B.      <u>Problems with Adding a Joint Debtor Post-Petition</u>.

The fundamental problem with adding a spouse to an individual case post-petition is that it disrupts the Code's and Rules' elaborate schedule for administering the case from start to finish. Here, Mr. Chilson would be added about 100 days after the Debtor's petition date. If permitted, the late addition of a joint debtor would raise the following issues:

      1.      <u>The petition date</u>. Mr. Chilson could not have a separate petition date from his wife, because there can only be a "single petition." § 302(a). *See also In re Buerman,* 295 B.R. 876, 877 (Bankr. W.D. Ark. 2003) (Rule 1009(a) should not be read to permit a "single petition" to include an amendment adding a spouse). Which date would be used for the petition date? Similarly, there can only be one order for relief in a bankruptcy case. *See In re Clinton*, 166 B.R. at 199 ("It is axiomatic that in a case there can be only one order for relief. . . ."). Would the order be deemed entered on October 1, 2014 or January 8, 2015?

      2.      <u>§ 341 meeting</u>. The Debtor's § 341 meeting was held about 70 days before Mr. Chilson was added as a debtor. Would the trustee have to hold a second § 341 meeting? Would she be paid for that additional work? Would the Debtor have to attend the second meeting?

-4-

3. <u>Discharge of pre-petition debts</u>. Pre-petition debts are subject to discharge; post-petition debts are not. Debts incurred in the "gap" period between the wife's and husband's filing dates might be pre-petition, or might be post-petition. *See In re Austin,* 46 B.R. 358, 359 (Bankr. E.D. Wis. 1985) (court did not allow debtor's attempt to amend petition two weeks after filing to add wife because, inter alia, it is important to have a single filing date to know what debts can be discharged).

4. <u>Deadline to object to exemptions</u>. Objections to Debtor's exemptions were due December 3, 2014. Fed. R. Bankr. P. 4003(b)(1). If Mr. Chilson has separate creditors, would they lose the opportunity to object to exemptions? Similarly, if Debtor and Mr. Chilson amended Schedule C, the new deadline to object would be 30 days after the amendment. *Id.* Would that deadline apply to Mr. Chilson's separate creditors only, or to all creditors?

5. <u>Deadline to object to discharge and dischargeability</u>. The deadline in this case to file §§ 523(c) and 727 actions was January 2, 2015, i.e., 60 days after the first date set for the § 341 meeting. Fed. R. Bankr. P. 4004(a) and 4007(c). Surely there would have to be a new deadline because Mr. Chilson was added as a joint debtor. Would the new deadline apply to the Debtor also? For § 523(c) complaints, would it make a difference whether the debt was a community debt or a separate debt?

6. <u>Preference actions and fraudulent transfer actions</u>. The "look-back" periods for preferential and fraudulent transfer actions are tied to the petition date. § 547(b)(4)(A); § 548(a)(1). Would there be two "look back" periods, one for Mr. Chilson and one for Debtor, or a single period? If there were a single period, would the normal 90-day preference period be 190 days in this case?

7. <u>Deadline to assume leases</u>. A trustee has 60 days after entry of the order for relief to assume or reject executory contracts and unexpired leases of residential property. § 365(d)(1). If Mr. Chilson had a valuable, separate property lease, what would the deadline be?

8. <u>Pre-petition credit counseling</u>. A debtor must take credit counseling within 180 days of the filing of the petition. § 109(h)(1). What would Mr. Chilson's deadline be?

9. <u>Short year income tax election</u>. 26 U.S.C. § 1398(d)(2)(A)) allows a debtor to make a short-year tax election, with the short year ending on the petition date. What would the short year be in this case?

10. <u>Bar date</u>. If a bar date had been set in the Debtor's case, wouldn't a new one have to be set? Would it be for all creditors or only newly added ones?

11. <u>Eligibility for subsequent bankruptcy relief</u>. The Debtor will be eligible for another chapter 7 discharge on October 1, 2022. § 727(a)(8). Would the addition of Mr. Chilson change that? What would the eligibility date be for Mr. Chilson?

12. <u>Property of the estate</u>. Property acquired post-petition generally does not go into the Chapter 7 estate. § 541(a)(1). What about property acquired between the petition date and January 8, 2015?

The list of potential problems goes on and on. It is clear that the drafters of the Code intended for joint debtors to have a single petition, order for relief, and petition date. Shifting the date from the original petition date to the date the spouse signs and files an amended petition is not a satisfactory solution, because it would, inter alia, extend the protection of the automatic stay by the "gap period." That could be a long time. *See, e.g., In re Kirkus*, 97 B.R. 675 (Bankr. N.D. Ga. 1987) (husband sought to add his wife as a joint debtor two and a half years after the

petition date). Furthermore, such a shift would raise issues for debts incurred and assets obtained during the gap period.

C.   Case Law.

Given all of the problems caused by adding a spouse after an individual debtor files a bankruptcy case, it is little wonder the case law uniformly holds that the procedure is prohibited. The court in *In re Clinton,* after citing a number of cases holding that a petition cannot be amended to add a non-filing spouse, stated:

> It should therefore be clear that the problem with amending her section 301 petition to add her spouse has not so much to do with the authority to file the amendment as it does with the fact that Mrs. Clinton already has an estate and already has an order for relief. The "single petition" that would commence the joint case and create Mr. Clinton's estate has the unavoidable consequence of giving Mrs. Clinton a second commencement date and a second order for relief. As explained above, she cannot have two such dates and two such orders. There is only one to a customer per case. [reference omitted] Therefore, Mr. Clinton may not be added by amendment as a debtor.
>
> Though permitting an amendment might be economical for the Debtor, her spouse and creditors in this case, it would create a wasteful allocation of scarce judicial resources. To permit one retroactive filing is to invite another and another. Each such filing would require a detailed analysis, as the court has done here, to determine whether the amendment would harm creditors. The costs associated with determining whether creditors are prejudiced far outweigh the meager cost savings an amendment would provide, particularly where the spouse has the alternative of filing a second petition and moving for administrative or substantive consolidation.

166 B.R. at 200. The following observation from *In re Austin* is also pertinent:

> Historically, the date on which the bankruptcy petition is filed has been of 'pivotal importance.' 1 Collier on Bankruptcy (14th ed.) p. 86. In fact, over the years, the bankruptcy petition has been one of the few documents filed in federal court on which the hour and minute of filing are noted by the clerk. Debts incurred prior thereto, if not otherwise nondischargeable, will be discharged, and debts and obligations incurred after that moment in time, regardless of their character, will not under any circumstances be discharged. The filing of the petition activates the automatic stay of § 362(a). It is the moment which marks the line of cleavage between bankruptcy and nonbankruptcy assets—what the trustee takes for the creditors and what the debtor retains for his 'fresh start.' ... It constitutes the

-7-

Case 14-12946-t7    Doc 23    Filed 02/04/15    Entered 02/04/15 14:04:59 Page 7 of 10

terminal point of time for reckoning lien and preference avoidance periods (§ 547(b)(4)), and whether a lease or executory contract remains existent for a trustee or debtor-in-possession to assume or reject.

46 B.R. at 359 (quoting *In re Ahrendt,* 28 B.R. 329, 331 (Bankr. E.D. Wis. 1983)). Finally, from *In re Sobin*, 99 B.R. 483 (Bankr. M.D. Fla. 1989):

> The Court finds further that the filing date of the bankruptcy petition is of fundamental importance to the case since a number of rights, obligations, and deadlines are determined by that date. This includes such matters as the property included in the bankruptcy estate; the debts to be discharged; the scheduling of a creditors' meeting under § 341(a); the imposition of the automatic stay; the deadlines for filing dischargeability, lien avoidance, and preference avoidance complaints; and the time for assuming or rejecting executory contracts.

99 B.R. at 484. *See also In re Olson,* 253 B.R. 73 (9th Cir. BAP 2000); *In re Daly*, 2008 WL 276538 (Bankr. D. Kan. 2008); *In re Kilgore,* 2004 WL 5848036 (Bankr. N.D. Ga. 2004); *In re Buerman,* 295 B.R. 876 (Bankr. W.D. Ark. 2003) (plain language of § 302 prohibits amending a petition to add non-filing spouse); *In re Walker*, 169 B.R. 391 (Bankr. W.D. Tenn. 1994); *In re Woodell,* 96 B.R. 614 (Bankr. E.D. Va. 1988); *In re Perkins*, 51 B.R. 272 (Bankr. D.D.C. 1984) (allowing the amendment would be tantamount to a *nunc pro tunc* filing that might interfere with the intervening rights of third parties). *See also In re Lary,* 2009 WL 6498526 (Bankr. N.D. Ga. 2009) (citing with approval the line of cases holding that a debtor may not amend her petition to add spouse as a joint debtor); *In re Kirkus,* 97 B.R. 675 (Bankr. N.D. Ga. 1987) (court denied motion to amend petition to add spouse, but held that the issues should be addressed on a case-by-case basis).

D. Treatises.

The learned treatises are in agreement with the case law. *See* Norton, Bankruptcy Law and Practice, § 141:2 ("Once a debtor files separately, he cannot amend the petition to include his spouse as a co-petitioner"); Collier on Bankruptcy, § 302.02[3] ("Courts generally have not

-8-

Case 14-12946-t7    Doc 23    Filed 02/04/15    Entered 02/04/15 14:04:59 Page 8 of 10

permitted the filing of a petition by one spouse and the subsequent amendment of that petition to add the second spouse"); Bankr. Service § 13:61 (to the same effect); Bankruptcy Desk Guide, § 8:96 ("A debtor may not amend his voluntary petition to add the debtor's spouse as a codebtor and transform a single debtor case into a joint debtor case"); Ginsberg & Martin on Bankruptcy, §2.02 ("Although the information in the petition may be amended, most courts have held that an amendment may not be used to add a spouse, and thereby convert a petition to a joint petition").

> E. <u>Alternative of Second Case Filing and Joint Administration</u>.

An alternative to amending an individual debtor's petition to add a spouse is for the spouse to file his own bankruptcy case and then seek joint administration. Fed. R. Bankr. P. 1015(b) provides in part:

> (b) Cases involving two or more related debtors
>
> If a joint petition or two or more petitions are pending in the same court by or against . . . a husband and wife . . . the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Courts addressing the issue find that the alternative offered by Rule 1015(b) is reasonable, even though it requires a second filing fee. *See Daly,* 2008 WL 276538, at *2 (husband should file his own case and then seek joint administration); *Kilgore,* 2004 WL 5848036, at *1 (same); *Buerman*, 295 B.R. at 877 (same); *Olson,* 253 B.R. at 75 (same); *Walker*, 169 B.R. at 393 (same); *Sobin,* 99 B.R. at 484 (same); *Kirkus,* 97 B.R. at 675-76 (same); *Perkins*, 51 B.R. at 272 (same).

Given the myriad problems caused by amending a petition to add a spouse, Mr. Chilson should be required to file his own individual case. He may then invoke Fed. R. Bankr. P. 1015(b) if Debtor's case is still pending and he thinks joint administration would be beneficial.

III. <u>CONCLUSION</u>

Section 302(a) prohibits Debtor from amending her petition to add Mr. Chilson as a joint debtor. If Mr. Chilson needs bankruptcy relief he must file his own petition, with the option of asking for joint administration of the two cases.

A separate order consistent with this opinion will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: February 4, 2015

Copies to:

Albert W. Schimmel, III
P.O. Box 8
Albuquerque, NM 87103

Linda S. Bloom
13170 Central Avenue SE, Ste. B #318
Albuquerque, NM 87123

U.S. Trustee's Office
P.O. Box 608
Albuquerque, NM 87103